## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HERBERT RIFKIN** | : **CIVIL ACTION NO. 2:19-CV-05686-LAS** |
| **Plaintiff,** | : |
| vs. | : |
| **FITNESS INTERNATIONAL, LLC,** | : |
| **d/b/a LA FITNESS and LA FITNESS** | : |
| | : **JURY TRIAL DEMANDED** |
| **Defendants.** | : |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant, Fitness International, LLC d/b/a LA Fitness' Motion for Summary Judgment, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. It is further **ORDERED** that Plaintiff's Complaint is hereby **DISMISSED**, with prejudice, as to Defendant, Fitness International, LLC d/b/a LA Fitness, and judgment is hereby entered in favor of Defendant, Fitness International, LLC d/b/a LA Fitness and against Plaintiff.

        **By the Court**:

        _____

        Lynne A. Sitarksi, J.

14508602-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HERBERT RIFKIN** | : CIVIL ACTION NO. 2:19-CV-05686-LAS |
| **Plaintiff,** | : |
| vs. | : |
| **FITNESS INTERNATIONAL, LLC,** | : |
| d/b/a LA FITNESS and LA FITNESS | : |
| | : **JURY TRIAL DEMANDED** |
| **Defendants.** | : |

**DEFENDANT, FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS'
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

Defendant, Fitness International, LLC d/b/a LA Fitness (incorrectly identified, in part, as LA Fitness) (hereinafter "Fitness"), by and through its attorneys, Rawle & Henderson LLP, hereby moves for summary judgment, and in support thereof, avers the following undisputed facts in accordance with the Honorable Lynne A. Sitarski's General Policies and Procedures:

1. Plaintiff commenced this matter on November 11, 2019 in the Court of Common Pleas, Philadelphia County by filing a Complaint. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. Fitness removed the matter to this Honorable Court on December 3, 2019, and filed an Answer to Plaintiff's Complaint on December 9, 2019. A true and correct copy of Fitness' Answer with Affirmative Defenses is attached hereto as Exhibit "B."

3. Plaintiff's claims arise out of an alleged incident which occurred on December 22, 2017 at the Fitness facility in Bensalem, PA. *See generally*, Exhibit "A."

4. On that date, Plaintiff claims he slipped and fell in the men's locker room at the Fitness facility "as a result of the lack of shower matting in the area immediately outside the shower enclosed area…." *See* Exhibit "A" at ¶ 5.

14508602-1

5.      Plaintiff brings a cause of action for negligence against Fitness based on a theory of premises liability in which he avers that Fitness, *inter alia*, failed to maintain the premises and failed to inspect and repair the premises at "regular intervals."  *See* Exhibit "A" at Counts I and III.

6.      In his responses to written discovery, Plaintiff further alleges that "the design of the men's locker room, flooring and shower/sauna enclosure areas are defective and dangerous and not properly maintain [*sic*]," and that Plaintiff fell "on a dangerous wet and slipper [*sic*] tile floor…."  A true and correct copy of Plaintiff's responses to Fitness' Interrogatories is attached hereto as Exhibit "C;" *see* Exhibit "C" at Nos. 18 and 22.

7.      Fitness responded to Plaintiff's written Interrogatories on March 11, 2020.  A true and correct copy of Fitness' Objections and Answers to Plaintiff's Interrogatories is attached hereto as Exhibit "D."

8.      Fitness' Answers to Plaintiff's Interrogatories reflect that, despite Plaintiff's own baseless averments as to a lack of inspection and maintenance, "Fitness janitorial staff regularly and routinely inspect and maintain the subject facility, including the men's locker room therein, throughout each day."  *See* Exhibit "D" at Nos. 5, 10, 11, 12, and 14.

9.      Further, and to the extent Plaintiff contends the alleged incident was due to a defective condition on or about the subject premises, Fitness denied "notice and/or knowledge of any alleged 'dangerous conditions' in the area of the alleged incident at any relevant time."  *See* Exhibit "D" at No. 8.

10.     Despite a January 11, 2021 deadline established by this Honorable Court, Plaintiff has not served any expert reports in this matter.

14508602-1

11.     Based on the foregoing facts, and for the reasons set forth in Fitness' Motion for Summary Judgment and Brief in support thereof, Plaintiff has not produced any evidence of-record, including necessary expert testimony, to satisfy his burden of proof as to Fitness, entitling Fitness to summary judgment.

**WHEREFORE**, Defendant, Fitness International, LLC d/b/a LA Fitness (incorrectly identified, in part, as LA Fitness), respectfully requests that this Honorable Court enter an Order in the form proposed and attached hereto, granting the instant Motion, and entering summary judgment in favor of Fitness and against Plaintiff.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

By: _____
John C. McMeekin II
Attorney I.D. No. 81250
David J. Samlin
Attorney I.D. No. 307108
The Widener Building
One South Penn Square
Philadelphia, PA 19107
T. (215) 575-4200
F. (215) 563-2583
jmcmeekin@rawle.com
dsamlin@rawle.com

Attorneys for Defendant,
Fitness International, LLC d/b/a LA Fitness

Date: February 9, 2021

14508602-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HERBERT RIFKIN** | : CIVIL ACTION NO. 2:19-CV-05686-LAS |
| | : |
| **Plaintiff,** | : |
| vs. | : |
| | : |
| **FITNESS INTERNATIONAL, LLC,** | : |
| d/b/a LA FITNESS and LA FITNESS | : |
| | : **JURY TRIAL DEMANDED** |
| **Defendants.** | : |

**DEFENDANT, FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS'**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendant, Fitness International, LLC d/b/a LA Fitness (incorrectly identified, in part, as LA Fitness) (hereinafter "Fitness"), by and through its attorneys, Rawle & Henderson LLP, hereby moves for summary judgment given that Plaintiff is unable to satisfy his burden of proof as to Fitness, and in support thereof, avers as follows:

**I.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

1.     Fitness incorporates its Statement of Undisputed Facts, including the exhibits attached and/or referenced thereto, submitted in support of the instant Motion as if fully set forth at length herein.

**II.    <u>LEGAL ARGUMENT</u>**

      **A.     <u>Standard for Summary Judgment</u>**

2.     Under the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought," and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3.      To support a motion for summary judgment, the moving party, *inter alia*, must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

4.      The non-moving party may not rest on mere allegations or denials, but must submit substantive and credible evidence to show that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B.      Plaintiff Cannot Satisfy His Burden of Proof as to Fitness

5.      Plaintiff asserts claims of negligence against Fitness grounded in alleged premises liability based on two (2) general arguments: (1) the design of the men's locker room at the subject Fitness facility was "defective and dangerous," and (2) Fitness failed to inspect and maintain the locker room such that Plaintiff slipped and fell on a wet floor.  *See* Exhibits "A" and "C."

6.      Plaintiff, however, has not produced the requisite evidence and testimony for either theory, entitling Fitness to summary judgment.

7.      Under Pennsylvania law, which is the governing law for this matter, "a claim for negligence requires proof of four elements: '(1) a duty or obligation recognized by the law…; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage…."  *Felix v. GMS Zallie Holdings, Inc.*, 827 F. Supp. 2d 430, 435 (E.D. Pa. 2011) (internal citations omitted).

8.      A possessor of land, however, "owes a duty only when the possessor 'knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to [an] invitee.'"  *Id*. at 436 (internal citations omitted).

9. "In other words, the possessor of the land must have 'actual or constructive notice' of the dangerous condition." *Id*. at 436 (*citing Estate of Swift v. Ne. Hospital of Phila.*, 460 A.2d 719, 723 (Pa. Super. 1997)); *see also*, *Pace v. Wal-Mart Stores E., LP*, 337 F. Supp. 3d 513, 519 (E.D. Pa. 2018) ("In slip-and-fall premises liability cases…an 'invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition.'").

10. "One of the most important factors to be taken into consideration [for constructive notice] is the time elapsing between the origin of the defect or hazardous condition and the accident." *Felix*, 827 F. Supp. 2d at 437 (internal citations omitted) (clarification supplied).

11. In this matter, and as to Plaintiff's theory that he slipped on a wet floor, Plaintiff provides nothing beyond his own legal assertions put forth in his Complaint and answers to Interrogatories that Fitness either caused the floor to be wet at the time of the incident, or had actual or constructive notice of any such condition.

12. In fact, Plaintiff has not put forth any evidence as to how the floor allegedly became wet, if at all, at the time of the incident, and for how long it may have been wet prior to the time of the incident.

13. It is undisputed that "Fitness janitorial staff regularly and routinely inspect and maintain the subject facility, including the men's locker room therein, throughout each day." *See* Exhibit "D" at Nos. 5, 10, 11, 12, and 14.

14. Further, Plaintiff has provided no evidence of-record to dispute that Fitness lacked "notice and/or knowledge of any alleged 'dangerous conditions' in the area of the alleged incident at any relevant time." *See* Exhibit "D" at No. 8.

15. As such, there is no evidence of-record upon which Plaintiff can rely to establish that Fitness either caused the floor of the locker room to be wet, or that Fitness had actual or constructive notice of any such condition, and as a consequence, Plaintiff has failed to satisfy his burden of proof.

16. In regards to Plaintiff's assertion that the design of the men's locker room at the Bensalem club was somehow defective, Plaintiff has similarly failed to present the requisite evidence to satisfy his burden of proof.

17. In particular, whether a locker room was designed properly so as to prevent an alleged slip-and-fall is a matter outside the knowledge of an average person and would require expert testimony. *See* Fed. R. Evid. 702.

18. This Honorable Court has recognized that expert testimony is required to establish that a defendant was negligent in installing flooring which allegedly lacked a sufficient coefficient of friction so as to prevent falls. *Heichel v. Marriott Hotel Servs.*, 2019 U.S. Dist. LEXIS 85136, *9 (E.D. Pa. May 20, 2019).[1]

19. The factual predicate and burden in this matter is substantially similar to that of *Heichel*, and Plaintiff was required to present expert testimony to support his assertion that the design of the men's locker room at the subject Fitness club was somehow improper and/or defective such that it led to the alleged incident.

20. Plaintiff, however, failed to present any expert reports by the January 11, 2021 deadline and has produced no such reports to-date; therefore, Plaintiff has failed to present evidence necessary to satisfy his burden of proof as to his claims of negligence.

---

[1] A true and correct copy of the *Heichel* decision is attached hereto as Exhibit "E" for this Honorable Court's convenience.

21. Given that Plaintiff cannot satisfy his burden of proof for his various theories of negligence based on premises liability, Fitness is entitled to summary judgment.

22. Fitness incorporates its Brief in support of the instant Motion as if fully set forth at length herein.

**WHEREFORE**, Defendant, Fitness International, LLC d/b/a LA Fitness (incorrectly identified, in part, as LA Fitness), respectfully requests that this Honorable Court enter an Order in the form proposed and attached hereto, granting the instant Motion, and entering summary judgment in favor of Fitness and against Plaintiff.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

By: _____
John C. McMeekin II
Attorney I.D. No. 81250
David J. Samlin
Attorney I.D. No. 307108
The Widener Building
One South Penn Square
Philadelphia, PA 19107
T. (215) 575-4200
F. (215) 563-2583
jmcmeekin@rawle.com
dsamlin@rawle.com

Attorneys for Defendant,
Fitness International, LLC d/b/a LA Fitness

Date: February 9, 2021

14508602-1